UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JEAN-CHRISTOPHE ALBOU,

    Petitioner,

v.                                            Case No. 22-23128-cv-RNS

ANA MARIA TORO,

    Respondent.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Respondent, ANA-MARIA TORO, by and through undersigned counsel, files this Answer and Affirmative Defenses to the Verified Petition, and states:

### Executive Summary

1.    Admitted but denied as to entitlement to relief.

2.    Denied.

3.    Admitted but denied as to those allegations relating to unlawful abduction/illegal retention of the child.

4.    Respondent admits a judgment was entered adopting the parties' agreement. Mother denies the allegations to the extent the translation is not accurate and all allegations flowing from the translation.

5.    Respondent admits a judgment was entered adopting the parties' agreement. Mother denies the allegations to the extent the translation is not accurate and all allegations flowing from the translation and denied as to the legal conclusion relating to their agreement.

### Jurisdiction

6.    Admitted as to this Court's jurisdiction, but denied as to entitlement to relief.

<u>Venue</u>

7. Admitted as to venue, but denied as to entitlement to relief.

<u>Statement of Facts</u>

8. Admitted as to cohabitation and the child's birth, and denied as to the remaining allegations.

9. Denied as to the dates, admitted as to the Mother beginning a relationship with her current husband after the relationship with Petitioner had ended.

10. Admitted as to the agreed travel with Petitioner, but denied as to the characterization of Respondent's Husband, the father of the child's half-brother.

11. Admitted as to travel, but denied as to dates and entitlement to relief.

12. The legal status of the French civil solidarity pact PACS (pacte civil de solidarité) speaks for itself. Admitted as to legal proceedings beginning in France and denied as to the legal conclusion or order of the French Family Court and the remaining allegations.

13. Admitted that Respondent and Petitioner agreed that she and the Child would permanently separate from each other and that Respondent would continue to serve as the agreed primary parent caring for the Child, the remaining allegations are denied.

14. Admitted that the French Family Court entered an order on June 14, 2021. The document speaks for itself, Respondent denies Petitioner's interpretation, legal conclusion, and the remaining allegations.

15. Admitted that Respondent became pregnant with the child's half-brother and that she became engaged to her present Husband, but denied as to the remaining allegations. Respondent objects to the pejorative characterization of the child's stepfather as "internet fiancé".

16. Admitted Petitioner consented to the Respondent and Child traveling to Florida, the child's special needs, the tacit understanding Respondent is the primary parent meeting the child's special needs, that Petitioner returned to France, that Respondent and Child remained in Florida, that Petitioner would frequently travel here, rent a home near Mother and Child, regularly timeshare, has stayed in Respondent's home, helped select the child's school and programs, and acquiesced to the Child remaining here. Denied as to the remaining allegations.

17. Denied as to the hearsay statements and admitted as to the birth of N.S., the half-brother of the minor child E.A and admitted that Respondent's pregnancy was high risk.

18. Denied as to the hearsay statements, admitted that Petitioner consented and otherwise acquiesced to the child remaining in the United States with Respondent verbally and in writing, Respondent can only speculate as to what Petitioner knew and therefore lacks knowledge or information sufficient to form a belief about the truth of an allegations, and the remaining allegations are denied.

19. Denied as to the hearsay statements, denied as to a purported promise, admitted Petitioner returns regularly to Florida for timesharing, has stayed in Respondent's home, rented an apartment, exercises timesharing, and otherwise tacitly and expressly acquiesced to Respondent and Child remaining in Florida, and denied as to the remaining allegations.

20. Respondent admits Petitioner returned to Florida to exercise timesharing, admits the Aventura police were called after Petitioner refused to exchange the child, and denied as to the remaining allegations.

21. Admitted as to the filing of a petition, but denied as to entitlement to relief.

<u>Legal Analysis</u>

22. The Hague Convention speaks for itself. Respondent denies any allegations that are not consistent with the text of the Hague Convention.

23. The Hague Convention speaks for itself, and Respondent denies any allegations that are not consistent with the text of the Hague Convention.

24. The Hague Convention speaks for itself, and Respondent denies any allegations that are not consistent with the text of the Hague Convention.

25. The Hague Convention speaks for itself, denied as to the dates, and Respondent denies any allegations that are not consistent with the text of the Hague Convention. Admitted child was born in 2017.

26. The legal authority cited by Petitioner speak for themselves. Respondent denies Petitioner is entitled to relief.

27. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief.

28. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief.

29. Denied as to habitual residence. Denied as the translation of the exhibit attached to the Verified Petition is not accurate, and denied as to entitlement to relief.

30. Denied.

31. Admitted, but denied as to entitlement to relief.

32. Denied.

33. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief.

34. Denied.

35. The legal authority cited by Petitioner speaks for itself. In the event habitual residence is France, any determination of Petitioner's rights of custody must be in breach of rights of custody of France. France ratified the United Nations Convention on the Rights of the Child and the Child is protected under the CRC and is a party to the European Convention on human rights. Respondent denies Petitioner is entitled to relief.

36. Denied as the allegation is a conclusion of law. In the event habitual residence is France, any determination of Petitioner's rights of custody must be in breach of rights of custody of France. France ratified the United Nations Convention on the Rights of the Child and the Child is protected under the CRC and is a party to the European Convention on human rights. Accordingly, Respondent denies Petitioner is entitled to relief.

37. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief.

38. Denied.

39. The legal authority cited by Petitioner speaks for itself. Respondent denies the legal conclusion or that Petitioner is entitled to relief.

40. The allegation is a conclusion of law and alleges no facts and is therefore denied.

41. The allegation is a conclusion of law and alleges no facts and is therefore denied.

42. The allegation is a conclusion of law and alleges no facts and is therefore denied.

43. Respondent is without knowledge and therefore denies same.

44. Admitted Respondent and Child traveled to Florida with the advance consent of Petitioner, denied as to the characterizations and entitlement to relief.

45. Admitted Mother was exercising her custody rights, and denied as to the legal conclusion and that Petitioner has entitlement to relief.

46. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief.

47. The non-legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

48. Admitted as to the child's age, denied as to Petitioner making a factual determination reserved to the court and to Petitioner's conclusion of law.

49. Denied that Respondent wrongfully retained, admitted as to the timing of the Petition, and denied that Petitioner is entitled to relief.

50. The authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

51. The case authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

52. Denied as to "plotted to emigrate to the United States with CHILD" and the marital status of Respondent, and Respondent's intent, and the characterization of Respondent's consensual travel to Florida, the remaining allegations are admitted and Respondent denies Petitioner is entitled to relief.

53. Denied.

54. The legal authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

55. The case authority cited by Petitioner speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

56. Denied as to Respondent's marital status and reason for the Respondent and Child's consensual travel to Florida, the characterization of the judgment and affidavit. The agreement speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

57. Denied. The agreement speaks for itself. Respondent denies Petitioner is entitled to relief and denies the conclusion of law.

58. Respondent is without knowledge as to the allegations and therefore denies same.

59. Denied.

## Request for Provisional Remedies

60. ICARA speaks for itself, and Respondent denies any allegations that are inconsistent with the text of ICARA and the Convention.

61. ICARA speaks for itself, and Respondent denies any allegations that are inconsistent with the text of ICARA and the Convention.

62. Respondent denies any allegation not specifically admitted, controverted or denied.

WHEREFORE, Respondent denies that she has wrongfully retained E.A. or any allegations that are not consistent with the text of relevant cases, statutes, and treaties. In addition, Respondent denies Petitioner set forth a correct translation of the French custody decree, or full or fair recitation of the governing law. Petitioner is not entitled to the relief sought in the Verified Petition, and the Court should deny the requested relief.

## AFFIRMATIVE DEFENSES

63. The alleged removal or retention of the Child was not wrongful as contemplated by Article 3 of the Hague Convention because the child's habitual residence is not France. Father alleges the Child's habitual residence is based on an agreement between the parents. The French agreement is not properly translated, and the determination of habitual residence is more than just

domicile and nationality. The child is an admitted special needs child with autism, and was four years of age when the parties entered an agreement in France on June 14, 2021 designating the "habitual residence" of the child with Respondent/Mother ("fixation de la *residence habituelle* de l'enfant chez sa mere."). Under French law, the designation is roughly primary residential parenting and, given the special needs, age of the child, and that by agreement Mother would be the parent overwhelmingly caring of the child, the habitual residence of the minor child was not geographical fixed in France. The child is alleged to have autism by Petitioner, and is in need of, and agreed to be enrolled in, special classes and therapy in Florida. The parties discussed and agreed to an appropriate school in Florida for the child, a therapist in Florida, and that the child started occupational therapy in Florida. Respondent has family here and no family in France. The child's habitual residence is with the Mother in Florida. The habitual residence determination is dependent on the totality of the circumstances specific to this case, not the agreement between the parents, and no one factor is dispositive. Petitioner cannot establish a *prima facie* case of wrongful removal or retention under the Hague Convention. Accordingly, judgment should be entered in favor of the Respondent.

64. In the event this Court determines France, and not the United States, is the habitual residence of the child, any determination of Petitioner's rights of custody under Article 3 of the Convention must be in breach under the law of France. France ratified the United Nations Convention on the Rights of the Child (the "CRC") and is a party to the European Convention on Human Rights. An order of return to France would violate the Child's rights under articles 3, 9, 11 and 23 of the CRC. Accordingly, any order of return, based on Petitioner's rights of custody must be assessed must be in the best interests of the child, and the grounds must show that the child's best interests were a primary consideration. The Petitioner himself alleges the Child has

autism, and as a result is particularly vulnerable. A return and possible separation of the Child from Respondent could have serious and potentially irreversible effects on the Child's mental health because of the Child's autism and the fact Respondent is the Child's primary caregiver and the person with whom he feels safe and has created the strongest emotional bonds.

65. The petition must be denied pursuant to Article 13(a) of the Hague Convention, because Petitioner consented to, and/or subsequently acquiesced to, the child remaining in the United States with the Mother. The child is a young, special needs child. Petitioner consented for Respondent and child to travel to Florida. Petitioner subsequently acquiesced to Respondent and child staying in Florida. The child has been seeing an agreed therapist in Florida, and is enrolled in an agreed appropriate school for his special needs. Petitioner, and his long-time romantic partner, regularly travel to timeshare here, and both Petitioner and his romantic partner have stayed at Respondent's home with the child in Florida. Petitioner has rented an apartment here, and has taken other steps demonstrating acquiescence, written and tacit agreement, demonstrating a consistent attitude of acquiescence over a significant period of time. In the event Petitioner could establish a *prima facie* case of wrongful removal or retention under the Hague Convention, judgment should be entered in favor of the Respondent based on Petitioner's consent and/or subsequent acquiescence.

66. The petition must be denied pursuant to Article 13(b) of the Hague Convention, because there is a grave risk that the child's return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation. The child is five years of age, and as Petitioner admits in his Petition, is a special needs child on the spectrum. The child has been seeing a therapist here for months, is enrolled in school here, has acclimated to Florida, has family ties here, and regularly timeshares with Petitioner/Father here. Ripping a young special

needs child on the spectrum from the safety of his agreed to therapist, special needs therapy, and school would involve a grave risk that his return to France would expose the child to psychological harm or otherwise place the child in an intolerable situation.

67. Petitioner's request for an order that Respondent pay court costs, legal fees and transportation costs related to the return of the child would be clearly inappropriate. Mother is not employed and a fee award would impose such a financial hardship on her that it would significantly impair her ability to care for the child, and she has a good faith belief that her actions were legal and/or justified.

WHEREFORE, Respondent/Mother respectfully requests entry of an order denying the Verified Petition for Return to France, entering an order Petitioner take nothing by this action, ordering Respondent to recover reasonable attorneys' fees and costs and any further relief this Court deems just and proper.

Dated October 21, 2022.

> Ronald H. Kauffman, P.A.
> 2 South Biscayne Boulevard
> Suite 3400
> Miami, Florida 33131
> Telephone: (305) 374-0937
> Email: ron@rhkauffman.com
>
>    /s/ Ronald H. Kauffman
> Ronald H. Kauffman, Esq.
> FBN 970743
> *Attorneys for Respondent*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 21, 2022, to all counsel of record on the service list below.

                                                      /s/Ronald H. Kauffman
                                                      Ronald H. Kauffman, Esq.

### Service List

Paul A. McKenna, Florida Bar No. 348481
Paul A. McKenna & Associates, P.A.
7300 Biscayne Boulevard, Suite 200
Miami, FL 33138
Telephone: (305) 662-9908
paul@pmcklaw.com
litigations@pmcklaw.com